[Civ. No. 27226. Second Dist., Div. Four. Oct. 28, 1963.]

ANNETTE CHASE, Plaintiff and Appellant, v. MAURICE S. HABER, Defendant and Respondent.

Lewis Graham and Louis S. Edelberg for Plaintiff and Appellant.

Spray, Gould & Bowers, Philip L. Bradish, H. L. Mason and Jean Wunderlich for Defendant and Respondent.

BURKE, P. J.—Plaintiff sued for damages for injuries allegedly resulting from unsterile injections causing abscesses. Plaintiff, a medical assistant and receptionist in defendant's office, was treated by defendant for pneumonia and in the course of treatment received 47 injections in her buttocks.

About three to four months after the initial injections approximately 30 severely infected abscesses appeared in the areas injected. The origin of such infection was unknown but plaintiff attributed the infection to alleged malpractice of defendant. Trial by the court, jury having been waived, resulted in a judgment for defendant from which plaintiff appeals.

Plaintiff assigns as errors (1) that the decision is against law, and (2) that the evidence was insufficient to justify the judgment.

Plaintiff contends that the doctrine of res ipsa loquitur applies here (*Bauer* v. *Otis*, 133 Cal.App.2d 439 [284 P.2d 133]); that the doctrine is applicable in malpractice cases, citing *Ybarra* v. *Spangard*, 25 Cal.2d 486 [154 P.2d 687, 162 A.L.R. 1258], from which authority the conditions for application of the doctrine are set forth as, (1) the accident must not have been due to any voluntary action or contribution on the part of the plaintiff, (2) the accident must be caused by an agency or instrumentality in the exclusive control of the defendant and, (3) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence.

Plaintiff urges that the evidence discloses no voluntary action or contribution on her part that could have caused her infected condition (and the court so found); that infections do not ordinarily occur during medical treatment unless there is negligence; that the infections occurred in the areas where the injections were given; that the condition was not systemic and bacteria is a living organism not of crystalline structure; and that the control of bacterial organisms entering under plaintiff's skin was in the exclusive care, knowledge and control of defendant.

Plaintiff also urges that the evidence is adequate to have established malpractice, relying particularly upon alleged admissions made by the doctor to the effect that his medical assistant was not properly sterilizing his instruments and that plaintiff's condition was caused by such unsterile procedure; that such evidence was uncontradicted in that the doctor testified he did not remember the substance of the conversations allegedly establishing such facts; that defendant failed to palpate the areas where injections were made in a manner required by good medical practice; that proper palpation would have indicated that previous injections had not been absorbed and that any subsequent injections would

not be in accordance with proper standards of medical practice and therefore constituted malpractice; and that uncontradicted testimony not inherently incredible, improbable or inconsistent may not be ignored but must be accepted. (*Tillotson* v. *Findley*, 87 Cal.App. 654 [262 P. 438].)

There was conflict in the evidence which the court resolved against the contentions of plaintiff. There is substantial evidence to support the court's findings and judgment.

█ Plaintiff contends that the trial court failed to consider the doctrine of res ipsa loquitur. In its conclusions of law, the court declared "From the foregoing facts this court finds and decides that the doctrine of res ipsa loquitur does not apply." Such conclusion was supported by specific findings of fact negativing any negligent conduct on the part of defendant. The court found defendant did not fail to use proper methods of examination nor fail to use accepted methods of sterilization, or diagnosis, or treatment. Res ipsa loquitur was not applicable since the court found the condition complained of was not caused by an agency or instrumentality in the exclusive control of defendant, a necessary condition for the application of the doctrine. There is no error apparent in the record.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.